## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **BILLY DRIVER, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.: 6:17-cv-00186-RDP** |
| | } | |
| **PROTECTIVE LIFE INSURANCE** | } | |
| **COMPANY, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiffs' Motion to Remand.  (Doc. # 15).  Defendants American General Life and Accident Insurance Company ("American General Life") and Globe Life and Accident Insurance Company ("Globe Life") have responded to the motion and it is under submission.  (Doc. # 19).  Plaintiffs filed this suit in state court against three insurance companies for the alleged denial of death benefits from five life insurance policies.  Defendants American General Life and Globe Life removed the suit to this court.  They conceded that the third Defendant, Protective Life Insurance Company ("Protective Life"), is a citizen of Alabama.  (Doc. # 1 at 3).  But, they insisted that diversity jurisdiction exists for the claims against American General Life and Globe Life because Plaintiffs fraudulently joined a claim against Protective Life to avoid removal.

Plaintiffs have contested the charge of fraudulent joinder and seek to remand this action to state court.  After careful review, and for the reasons explained below, the court agrees with Plaintiffs.  Although the court finds that Plaintiffs' individual claims are misjoined with each

other, Plaintiffs' incorrect use of joinder falls far short of fraudulent joinder. Thus, Plaintiffs' Motion to Remand is due to be granted.

## I.      Factual and Procedural Background

Plaintiffs Billy Driver, Lisa Driver, and the Estate of Pearlie Driver commenced this suit in the Circuit Court of Walker County against Defendants, three life insurance companies. (*See generally* Doc. # 1-1 at 10-16) (hereinafter "Complaint"). Plaintiffs alleged that Pearlie Driver obtained two life insurance policies from American General Life in 1992 and 1994. (Complaint at ¶¶ 10-11). Pearlie Driver was the insured life for those policies, and Lisa Driver was the beneficiary of those policies. (*Id.*). Pearlie Driver sent monthly premium payments to American General Life, and American General Life allegedly accepted and cashed those premium payments. (*Id.* at ¶ 12).

In 2002, Pearlie Driver obtained another life insurance policy on her own life, and Billy Driver was the named beneficiary of that policy. (*Id.* at ¶ 14). She obtained two more insurance policies in 2003 on her own life; the beneficiary for those policies was her own estate. (*Id.* at ¶ 15). Protective Life acquired those three insurance policies. (*Id.* at ¶¶ 14-15). Pearlie Driver sent monthly premium payments to Protective Life for the policies. (*Id.* at ¶ 16). Protective Life allegedly accepted and cashed those premium payments. (*Id.*).

In August 2011, Billy Driver obtained a life insurance policy from Globe Life. (*Id.* at ¶ 18). Pearlie Driver was the insured life, and Billy Driver was the beneficiary. (*Id.*). Billy Driver made monthly premium payments to Globe Life for the policy, and Globe Life allegedly accepted and cashed those payments. (*Id.* at ¶ 19).

Pearlie Driver died in January 2013.[1]  (Doc. # 1-3 at 2).  After her death, Plaintiff Lisa Driver filed a claim with Defendant American General Life for benefits from the two life insurance policies Pearlie Driver had purchased from that company.  (Complaint at ¶ 13).  Defendant American General Life refused her claim and denied her benefits.  (*Id.*).  Plaintiff Billy Driver filed a claim with Defendant Protective Life for benefits from the three insurance policies purchased by Pearlie Driver from that company, but Protective Life refused the claim and denied the Estate of Pearlie Driver the benefits it allegedly was entitled to.  (*Id.* at ¶ 17).  Finally, Plaintiff Billy Driver filed a claim for benefits with Defendant Globe Life, but Globe Life refused to pay benefits.  (*Id.* at ¶ 20).  Plaintiffs' Complaint contains one breach of contract claim against each of the three Defendant insurers: (1) a claim by Plaintiff Lisa Driver against Defendant American General Life;[2] (2) a claim by Plaintiff Estate of Pearlie Driver against Defendant Protective Life; and (3) a claim by Plaintiff Billy Driver against Defendant Globe Life.  (*Id.* at ¶¶ 21-32).[3]

Defendants American General Life and Global Life filed some documentary evidence with their Notice of Removal.  In November 2011, Defendant American General Life informed Pearlie Driver that one of the life insurance policies had been terminated in August 2010 because the balance of loans taken from the life insurance policy and the interest due on the loans exceeded the cash value of the policy.  (Doc. # 1-2 at 2-3).  The second policy she had obtained from American General Life lapsed in October 2010 because the monthly premiums paid by Pearlie Driver did not cover the monthly cost of insurance due to yearly increases in the

---

[1]  The Complaint incorrectly states that Pearlie Driver died in January 2014.

[2]  The Complaint's charge against Defendant Protective Life does not concern the life insurance policy Pearlie Driver obtained in 2002.

[3]  Plaintiff's Complaint designates two sets of paragraphs as Paragraphs 25 through 28.

premiums owed. (*Id.* at 4-5). Pearlie Driver continued to make premium payments to American General Life in 2010 and 2011, but American General Life refunded the payments to her on a regular basis. (*See id.* at 2-5). Defendant Globe Life denied Billy Driver's claim for benefits in May 2013 because he had failed to disclose some of his mother's medical conditions in the life insurance application. (Doc. # 1-3 at 2-3).

## II.    Standard of Review

Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction over a case involving state law claims where there is both complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00.[4]  A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313 (quoting *Univ. of S. Ala.*, 168 F.3d at 411). In particular, a party seeking to remove a case on the basis of fraudulent joinder faces a heavy burden of proof. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A defendant must establish fraudulent joinder by clear and convincing evidence. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The court's analysis of fraudulent joinder is analogous to Rule 56 review insofar as the court may consider evidentiary submissions by the parties, such as affidavits and deposition transcripts, so long as it resolves issues of fact in favor of the plaintiff. *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005).

_____

[4]  The amount-in-controversy requirement is not at issue in this case.

## III.    Analysis

Defendants hang their removal hat on the fraudulent joinder of Plaintiffs' claims against them with the Estate's claim against Defendant Protective Life.  (Doc. # 1 at 4, 6-11).  Absent an application of fraudulent joinder doctrine, it is undisputed that federal diversity jurisdiction is inappropriate because, at a minimum, Plaintiff Billie Driver and Defendant Protective Life are both residents of Alabama.  (Docs. # 1 at 3; 15 at 3).  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  A defendant can show fraudulent joinder in three circumstances.  "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant."  *Id.*  "The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts."  *Id.*  The third is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."[5]  *Id.*  Defendants argue that Plaintiffs' joinder of their three claims is fraudulent under the third ground.

The court's analysis of fraudulent joinder begins with the text of the relevant joinder rule. Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined as defendants in an action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative

---

[5]  The first category listed is the usual one at issue when fraudulent joinder is raised.  The third category of the fraudulent joinder rule (*i.e.*, the one raised here) was announced by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  Several courts have criticized *Tapscott*'s fraudulent joinder standard.  *See, e.g., Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1126-28 (E.D. Cal. 2004) (explaining that *Tapscott*'s standard engenders "more procedural complexity" in removal proceedings and noting uncertainty about whether to apply federal or state joinder rules); *Rutherford v. Merck & Co., Inc.*, 428 F. Supp. 2d 842, 851-55 (S.D. Ill. 2006) (describing *Tapscott*'s standard as "an improper expansion of the scope of federal diversity jurisdiction" and suggesting that courts "have foundered on shoals of tautology in trying to define fraudulent misjoinder").  *See also In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (declining to adopt or reject *Tapscott*'s fraudulent joinder doctrine).  Nevertheless, because *Tapscott* is binding authority in this circuit, the court will faithfully apply its egregious misjoinder standard.

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."[6] Under Rule 20(a)(2), it appears that Defendants have a strong argument for misjoinder because no right to relief is asserted jointly by any Plaintiff against any combination of Defendants. Plaintiff Lisa Driver seeks relief from Defendant American General Life. (Doc. # 1 at ¶¶ 21-24). Plaintiff Estate of Pearlie Driver seeks relief from Defendant Protective Life. (*Id.* at ¶¶ 25-28). And, Plaintiff Billy Driver seeks relief from Defendant Globe Life. (*Id.* at ¶¶ 29-32). If a finding of misjoinder was sufficient for the court to assert diversity jurisdiction over the claims in this case between diverse parties, Plaintiffs' remand motion would be denied.

However, "mere misjoinder" is not equivalent to "fraudulent joinder." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). To establish fraudulent joinder under *Tapscott*, Defendants must also show that there is no "real connection" between the claims. *Triggs*, 154 F.3d at 1287. Here, Plaintiffs' claims have an actual fact connection because members of the same family purchased life insurance policies with the same insured individual life, the insured's estate and children were designated as beneficiaries of the policies, many of the policies lapsed due to insufficient cash value remaining in the policies, and the claims made by the beneficiaries were all denied after the insured's death.

---

[6] Several district courts have applied state law joinder rules to determine whether plaintiffs committed fraudulent joinder, under the logic that plaintiffs are obligated to comply with state joinder rules -- rather than federal joinder rules -- when filing an action in state court. *E.g.*, *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, at *3-4 (E.D. La. Jan. 30, 2007) (collecting cases and concluding that state joinder rules should be assessed). The Eleventh Circuit's fraudulent joinder opinions, though, have referred to Federal Rule of Civil Procedure 20 when analyzing whether a plaintiff committed fraudulent joinder. *E.g.*, *Triggs*, 154 F.3d at 1288; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Therefore, in accordance with the Eleventh Circuit, the court will analyze whether Defendants are fraudulently joined under Federal Rule of Civil Procedure 20. Having said that, the federal joinder rule is similar to the Alabama rule governing permissive joinder. *See* Ala. R. Civ. P. 20(a).

The history of this litigation is distinguishable from the *Tapscott* litigation in two important respects. First, Plaintiffs filed all of their claims against all Defendants in the first complaint, whereas the plaintiffs in *Tapscott* added a set of class action claims against a distinct group of defendants in their second amended complaint. (*See generally* Complaint). *See also Tapscott*, 77 F.3d at 1355 (explaining how the plaintiffs added claims against extended service contracts for retail products to an action involving extended service contracts for automobiles). Second, the classes joined together in *Tapscott* involved distinct product groups, whereas Plaintiffs' claims all involve life insurance contracts. *Cf. Tapscott*, 77 F.3d at 1355. Thus, the court cannot say that Plaintiffs' misjoinder of Defendants was as egregious as the misjoinder at issue in *Tapscott*. Although Plaintiffs optimistically joined the claims in this action without considering the need for some degree of joint, several, or alternative liability between Defendants, the court does not find that Plaintiffs egregiously joined claims with no real connection.[7]

## IV.    Conclusion

As Plaintiffs suggest in their Motion to Remand, their joinder of the insurance claims in this action is better explained by cost control than chicanery. (*See* Doc. # 15 at 8) (asserting that the claims were filed together for "judicial economy"). A review of the Complaint indicates that the claims should have been brought in separate actions. But, on the other hand, Defendants could have resolved that problem through a motion to sever rather than a removal petition. Because Defendants American General Life and Globe Life have not shown by clear and

---

[7] Notably, the court lacks a factual basis to determine why Defendant Protective Life denied the Estate's claim for benefits. The Complaint alleges that Pearlie Driver made monthly premium payments to American General Life and Protective Life to maintain life insurance policies she obtained from those companies. (Complaint at ¶¶ 12, 16). Nevertheless, Protective Life and American General Life denied claims for benefits from those policies. The record before the court indicates why American General Life denied benefits. (*See* Doc. # 1-2 at 2-5). But, it does not indicate why Protective Life denied benefits. Defendants American General Life and Globe Life insist that the three Defendants denied Plaintiffs' benefit claims for different reasons, but the court has no evidence or basis to determine why Protective Life denied a claim for benefits.

convincing evidence that Plaintiffs fraudulently joined the Estate of Pearlie Driver's claim against Protective Life with the other two claims, *Henderson*, 454 F.3d at 1281, the court concludes that it cannot exercise diversity jurisdiction over Plaintiffs' claims against these Defendants. Accordingly, Plaintiffs' Motion to Remand (Doc. # 15) is due to be granted. Defendants' other pending motions (Docs. # 7, 8, 10) are due to be denied as moot. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 7, 2017.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE